ED JACKAMONIS, Speaker Wisconsin State Assembly
On behalf of the Assembly Organization Committee, you have requested my opinion concerning secs. 11.06, 11.09 and 11.33, Stats.
Regarding sec. 11.06, Stats., you ask whether the campaign financing reports required to be filed no earlier than July 1 and no later than July 10 of this year need be notarized.
Section 11.06(1), Stats., was amended by ch. 328, Laws of 1979, to eliminate the requirement that these reports be verified. Since the amendment took effect on July 1, 1980, the answer to your question is no.
Regarding sec. 11.09, Stats., you state:
 Prior to the effective date of Chapter 328, Laws of 1979, section 11.09 (2) required candidates for certain state offices, where the district is wholly contained in a single county, to file a duplicate financial report with his or her County Clerk or Board of Election Commissioners. Chapter 328 repealed section 11.09(2) effective July 1, 1980, and repealed and recreated section 11.09(1) to require the Elections Board to transmit a certified duplicate copy of each candidate's financial report to the County Clerk or Board of Election Commissioners for the county or counties included in the candidate's district.
 The most recent financial report filing date was July 10, 1980 — 10 days after the effective date of Chapter 328. The Elections Board has apparently decided not to send the certified duplicate reports required by s. 11.09 (1) as amended. The Committee's . . . question, thus, is: Must candidates whose districts are wholly contained within a single county file their July 10, 1980, reports with their County Clerk or Board of Election Commissioners, or must the Elections Board do so?
The Elections Board has informed me by letter dated September 30, 1980, that it:
 [H] as taken the position that if a candidate whose district is wholly contained within a single county does not file his or her *Page 261 
July 10, 1980 continuing report covering financial activity for January 1, 1980 through June 30, 1980, with the county clerk or board of election commissioners, the State Elections Board will provide a copy to the appropriate clerk or board.
This being the case, your question concerning sec. 11.09, Stats., now appears to be moot.
Regarding sec. 11.33, Stats., you state:
 It has also been called to our attention that Mr. Gerald Ferwerda, Executive Secretary of the Elections Board, has interpreted the changes in s. 11.33, Wis. Stats., resulting from the enactment of Ch. 328, Laws of 1979, as prohibiting any person elected to state office from using public funds for the cost of materials or distribution of 50 or more pieces of substantially identical material after the date for circulating nomination papers for any primary election, regardless of whether this elected state official is a candidate for reelection or election to a different office. This interpretation flies in the face of the plain meaning of this statute as amended by Ch. 328, is contrary to the clear intent of this statute prior to, and as affected by, Ch. 328, and is inconsistent with the description of changes in election laws which was contained in a memorandum from Mr. Ferwerda to all election officials and Elections Board registrants, dated May 12, 1980.
. . . .
 Because of the confusion that has resulted from Mr. Ferwerda's statements as to the effect of the change in the law as a result of the enactment of Ch. 328, Laws of 1979, the Committee is requesting a formal opinion of the Attorney General on whether section 11.33 applies only to candidates for office or to all state elected officials during any campaign periods for state or local offices.
The Elections Board has informed me by the letter dated September 30, 1980, that:
 The Election Board's position, including that of the Executive Secretary, has consistently been that this statute only applies to state officials who are currently seeking re-election or election to a different office. The Board expressed this view at its August *Page 262 
20, 1980 meeting and at the September 17, 1980 meeting. In addition, the Board has issued a formal opinion interpreting an earlier version of sec. 11.33, Stats., which makes it clear that it is the Board's view that this statute applies only to elected state officials who are seeking re-election or election to a different office. El. Bd. Op. 78-12.
Section 11.33, Stats., as amended by ch. 328, Laws of 1979, reads:
 No person elected to state office may use public funds for the cost of materials or distribution for 50 or more pieces of substantially identical material after the first day for circulation of nomination papers as a candidate for national, state or local office, until after the date of the election or after the date of the primary election if such person is not nominated. This section does not apply to answers to communications of constituents.
The construction of a statute by an agency charged with the task of applying it is entitled to great weight and will not be set aside unless it can be said that the construction is clearly contrary to the legislative intent. A. O. Smith Corp. v. ILHRDepartment, 88 Wis.2d 262, 267, 276 N.W.2d 279 (1979). And, as you point out, the legislative intent appears, if anything, to be in accord with the construction of sec. 11.33, Stats., by the Elections Board. It is my opinion, therefore, that sec. 11.33, Stats., applies only to persons elected to state office who are seeking reelection or election to a different office.
Finally, you state that questions may arise regarding the types of materials covered by sec. 11.33, Stats., and ask specifically whether the following would come within the statute's proscription:
 * Memos from an elected official holding an office with administrative responsibilities (e.g. Governor, Lt. Governor, Treasurer, Secretary of State, Attorney General, Chief Justice, Speaker, or President of the Senate) regarding administrative matters or policy matters;
 * Notification by a committee chairperson to members of the public announcing Committee hearings if those persons have asked to be notified of Committee hearings or the Chairperson may reasonably assume that they wish to be notified; *Page 263 
 * "Dear Colleague" letters from a legislator to other members of the Legislature on issues that may be before the Legislature such as administrative rules;
 * Circulation of bill drafts for comments to legislators and interested citizens in anticipation of a special or extraordinary session by the Legislature;
 * Paychecks to 50 or more state employes drawing the same salary signed by the State Treasurer;
 * Announcements to district attorneys and county sheriffs, for instance, by the Attorney General, as the state's chief law enforcement officer, that are of a ministerial nature.
In my opinion, none of the above would necessarily fall within the proscription of sec. 11.33, Stats. The Elections Board has interpreted sec. 11.33, Stats., as aimed at the prevention of the use of public funds for political purposes during the prescribed period. See Op. El. Bd. 78-12. And, as above, the legislative intent appears, if anything, to be in accord with such construction. It is my opinion, therefore, that sec. 11.33, Stats., applies to the use of public funds for political purposes. Since the specified uses of public funds do not appear to be for political purposes, they would not fall within the prohibition of sec. 11.33, Stats.
BCL:JJG